[NOTE. Mr. Chief Justice Taney, who delivered the opinion of the supreme court, considered the case principally upon the exception to the special return of the marshal, made after the commencement of the action. That this return did not invalidate the plaintiff's title he considers clear, following the Maryland decisions on this point. The evidence of the marshal's return is necessary as a link in the plaintiff's chain of title. But, says the learned chief justice, "It would seem to follow from the decisions that it cannot be material at what time this evidence is obtained. He cannot recover without it. * * *" But, when it "is obtained, it proves the previous sale by the officer, and, as it is the sale that passes the title, the vendee must take it from the day of the sale." 14 Pet. (39 U. S.) 84.]

———

LINTHICUM (REMINGTON v.). See Case No. 11,696.

———

## Case No. 8,378.

### Ex parte LINTON.

[3 App. Com'r Pat. 351.]

Circuit Court, District of Columbia. July 31, 1860

PATENTS—INTERFERENCE—MOTION TO RECONSIDER —TIME WITHIN WHICH TO APPEAL—APPEAL DISMISSED—APPEAL FEE.

[1. The entertaining by the commissioner of a motion to reconsider in an interference case, filed after the expiration of the limit of appeal, does not suspend the operation of the order limiting the time to appeal.]

[2. Where an appeal in an interference case is dismissed after consideration of a protest duly filed by the office against entertaining it, because taken after expiration of the time limited, the appeal fee must be refunded.]

[On petition for an appeal by William Linton from the decision of the commissioner of patents rejecting his second claim in specifications of improvement in machinery for making pottery.]

MERRICK, Circuit Judge. Upon an interference declared between the application of William Linton and the patent of William S. Reinert, issued May 9, 1854, for improvements in machinery for making pottery, such proceedings were had that the second clause of the applicant's claim was finally rejected by the commissioner of patents upon the adverse report of the examiner in charge, and thirty days were allowed for taking an appeal by order of the commissioner, dated June 7, 1860. Official notice of this decision and order was given by letter of the next day, June 8th. On July 9th, the applicant filed a petition in the alternative asking a reconsideration and allowance of the claim, and should that be refused the further pe-

riod of one week within which to take his appeal. Both requests were refused, and the refusal communicated in an official letter dated July 12th. On July 16th, notice of an appeal was given to the commissioner, the fee of $25 was deposited with the treasurer of the office, and a petition of appeal presented to the court, who, in ignorance of the facts above recited, assigned July 30th for hearing the case by an official letter to the office dated July 17th. Upon the day assigned the commissioner filed with the court his written protest against entertaining the appeal upon the ground that the applicant had disregarded the limit of appeal fixed by the order of June 7th, and that thereby his right of appeal was gone. The applicant, on the contrary, argues that by entertaining his alternative application of July 9th, for rehearing or extension of time for appeal, the office abandoned the limit of appeal previously assigned.

Whatever force there might be in the suggestion that, by entertaining a motion to reconsider during the period limited for appeal by a preceding order, the office thereby suspended the operation of that order, because the party could not know, pending the application, whether the cause would be reheard and the preceding adverse decision annulled; in which case an appeal would become unnecessary, and that therefore he was in no condition to appeal until after the result of his petition was made known to him, no argument can be drawn from that state of case to sustain the idea that a like effect is wrought by a petition to reconsider filed after the limit of appeal has expired, for in the latter case the party has lost no right nor has he been lulled into security by any delusive hope held out by the office. He stands, then, in the attitude of one addressing himself to the mere grace and favour of the office outside the pale of strict right, and the refusal to extend to him this superadded grace and favour can furnish no pretext for the revival of a right once gone by his own naked default. It is unnecessary to consider in this whether the period limited for an appeal is to be computed from the date of the order or from the date of the notice, for in this case, even taking the latter date as the terminus a quo, and allowing him the still further indulgence of excluding the terminus a quo from the computation of the period of thirty days, still his appeal should have been taken on the 8th day of July, at the farthest.

I am therefore of opinion that no appeal has been taken by the applicant in this case, and that the protest of the office having been rightfully made, I am precluded from considering the case on its merits. It follows from this that the fee of $25 has been improvidently received by the financial clerk of the office, and as the judge is only entitled to compensation in the cases provided by law where an appeal has been taken, and

in no other case, he can receive no payment from the office for considering the matter submitted by the communication of the commissioner of patents, and therefore I think the fee of $25 aforesaid should be refunded to the applicant.